**In re Anonymous No. 13 D.B. 85**

Disciplinary Board Docket no. 13 D.B. 85.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

HELWIG, *Member,* April 28, 1988—Pursuant to rule 218(c)(5), Pa.R.D.E., the disciplinary board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## HISTORY OF PROCEEDINGS

Petitioner was suspended from the practice of law for a period of four months by an order of the Supreme Court of Pennsylvania dated May 29, 1987. The proceedings leading up to petitioner's suspension began with the filing of a petition for discipline against respondent on February 27, 1985. The petition for discipline contained three charges, the first charge relating to petitioner's conviction of the summary offense of retail theft (section 3929(a)(1) Pa. Crimes Code), the second charge relating to petitioner's acceptance into the accelerated rehabilitative disposition program following a second incident of retail theft within a three month period, and the final charge relating to petitioner's alleged submission of false information on an employment application given under oath.

Hearing Committee [    ] heard testimony pertaining to this matter and found that petitioner had violated the disciplinary rules as alleged in charges I and II. Those disciplinary rules are D.R. 1-102(A)(3), dealing with engaging in illegal conduct involving moral turpitude; D.R. 1-102(A)(4), dealing with conduct involving dishonesty, fraud, deceit, or misrepresentation; and D.R. 1-102(A)(6), dealing with conduct adversely reflecting on an attorney's fitness to practice law. As to charge III no violation of the disciplinary rules was found. A four-month suspension was recommended by the hearing committee as the appropriate discipline of petitioner.

Upon consideration of the petition for discipline, the hearing committee report, disciplinary counsel's brief on exceptions, and petitioner's brief opposing exceptions, the disciplinary board ordered that petitioner submit to an examination by a psychiatrist appointed by the board. The matter was remanded to Hearing Committee [    ] for consideration of the doctor's report and any additional evidence received.

The recommendation of the hearing committee was not changed after the receipt of the additional evidence. The board adopted the findings and recommendations of the hearing committee, after which the Supreme Court ordered the four-month suspension indicated above.

On October 30, 1987 petitioner filed a petition for reinstatement and reinstatement questionnaire. A hearing was held before Hearing Committee [    ] on December 29, 1987.

The hearing committee report was filed on February 3, 1988, recommending that the petition for reinstatement be granted. The hearing committee concluded that petitioner had met his burden of

demonstrating by clear and convincing evidence that he has the moral qualifications and competency in law to qualify for reinstatement and that his resumption of the practice of law would not be detrimental to the integrity and standing of the bar or the administration of justice nor subversive to the public interest.

The hearing committee did express some reservations regarding whether petitioner had met his burden of proof relating to competency in the law. These reservations arose from the incomplete and inaccurate responses to petitioner's reinstatement questionnaire. But the hearing committee recognized that petitioner was no less able to practice law now than at the time he was admitted and that his suspension did not relate to matters that demonstrated a lack of legal competency. The hearing committee also weighed petitioner's promise to take a refresher course in favor of his reinstatement and concluded that petitioner had established that he has competency in the law.

## FINDINGS OF FACT

(1) Petitioner [      ], is an adult individual residing at [      ], attorney identification number [      ].

(2) Petitioner was born on April 6, 1952 in [      ].

(3) By order of the Supreme Court of Pennsylvania dated May 29, 1987, indexed to no. 579 Disciplinary Docket, no. 2, disciplinary board no. 13 D.B. 85, petitioner was suspended from the bar of this commonwealth for a period of four months, which suspension became effective on June 30, 1987.

(4) Prior to his suspension petitioner was not subject to any prior disciplinary action.

(5) The charges leading to the disciplinary action involve two incidents of retail theft, one occurring in January 1983 and the other in March 1983. On the first charge petitioner was found guilty following a

summary hearing before a district justice which decision was not appealed. On the second offense, the matter was resolved by petitioner applying for and being accepted in an accelerated rehabilitative disposition program in [      ] County, Pa., which he satisfactorily completed.

(6) At the time of his suspension, petitioner worked with the [A] Bureau of the Commonwealth of Pennsylvania as a bill drafting "attorney." He commenced such employment in the spring of 1983.

(7) Petitioner has continued his employment as a bill drafter with [A] Bureau since formal legal training is not required to be employed in this capacity.

(8) Petitioner's performance as a bill drafter for the Commonwealth of Pennsylvania is satisfactory to good, and he is possessed with the legal knowledge requisite to properly and adequately perform those functions.

(9) Prior to his suspension, petitioner engaged in a limited practice of law which was and is permitted by his employer so long as it does not interfere with his employment.

(10) At the time of his suspension, petitioner had no active cases involving any current clients and therefore was not required to provide notice of suspension to any clients.

(11) Many of the private cases with which petitioner had been involved, involved pro bono work for members of his family and other individuals without the resources necessary to pay for legal services.

(12) Since the date of petitioner's suspension, to and including the time of the hearing, the petitioner has been in compliance with the suspension order and has not engaged in any conduct which could be construed in violation thereof.

(13) Since the time of the misconduct in question, January and March 1983, petitioner has been involved in various areas of public service including but not necessarily limited to: (a) serving as a co-leader of the [B] Boy Scout Troop from approximately 1984 to 1986 with the husband of witness [C]; (b) being actively involved in [    ] city politics; (c) officiating high school football games; (d) assisting numerous black youths in [    ] and surrounding communities with academic and/or motivational problems, including [    ] athletes [D] and [E]; (e) serving as a board member in the Latchkey Program presently being organized in the city of [    ].

(14) Pursuant to the initial recommendations of the disciplinary board, petitioner met with [F], .M.D.J.D. who filed a report dated June 13, 1986 which is attached to the disciplinary board order of May 11, 1986 and is a part of the record.

(15) After completion of Dr. [F's] report, the petitioner voluntarily and on his own initiative continued with several counselling sessions with Dr. [F].

(16) Dr. [F] is not presently engaged in the private practice of medicine and therefore is not available to provide any further assistance to petitioner should he require it.

(17) At the hearing committee hearing in August 1986, petitioner had little, if any, insight into his criminal behavior and testified to the effect that he had not engaged in criminal conduct.

(18) As a result of the insight gained through counselling and self-analysis, at the time of the hearing committee hearing on December 29, 1987, petitioner understood and acknowledged that his conduct was criminal and that he had the requisite criminal intent. He offered no legal justification for his misconduct.

(19) The criminal conduct which gave rise to petitioner's suspension was not and is not a normal pattern of behavior for petitioner. On the contrary, the misconduct in question arose due to a variety of factors affecting the life of the petitioner at that time, including but not limited to a serious hepatitis condition which almost proved fatal. His misconduct is best categorized as aberrant behavior and not an indication of a lack of character or a criminal mentality.

(20) Petitioner has gained the insight necessary to avoid a recurrence of criminal behavior.

(21) Petitioner has gained the insight necessary to seek professional assistance immediately should stress factors, including but not limited to his health, job, or family reoccur in the future.

(22) Petitioner was suspended because of criminal conduct and not because of client or court related conduct which would reflect adversely upon his overall ability to engage in the practice of law.

(23) Witnesses [C] and [G] testified that despite the public knowledge of petitioner's criminal conduct he presently has regained good reputation for truth and veracity and as a law abiding citizen in his community.

(24) Petitioner stated to the hearing committee, under oath, his voluntary agreement to complete a basic legal practice course offered by the PBI or other appropriate organization within six months of the date of this hearing.

(25) Should petitioner even decide to engage in more than the limited practice of law as he did prior to his suspension, he would take additional courses and affiliate with another individual or individuals who could provide assistance to him.

(26) Petitioner has taken several continuing edu-

cational courses available free of charge to him through his employer.

(27) Petitioner agreed to become completely familiar with the new Rules of Professional Conduct which became effective April 1, 1988.

(28) Petitioner's reinstatement questionnaire was incomplete and inaccurate.

(29) The inaccurate and incomplete portions of the reinstatement questionnaire were answered by testimony placed of record and additional attachments incorporated into the questionnaire at the hearing.

(30) The incomplete and inaccurate nature of the reinstatement questionnaire (filled out by petitioner without assistance of counsel) was due to haste and not to any intention to mislead or inaccurately state the facts.

(31) Petitioner's haste was a result of his belated discovery that disciplinary board rules applicable to his situation would have enabled him to file the petition immediately upon his suspension which could have cut down the time lag which is inherent in the reinstatement process.

(32) If petitioner is reinstated to the bar of the Supreme Court, he will provide valuable pro bono services to members of the [ ] community who would otherwise not be receiving necessary legal assistance.

## DISCUSSION

Rule 218(c)(3)(i), Pa.R.D.E. sets forth the burden of proof that must be satisfied by a suspended attorney seeking reinstatement. The suspended attorney must demonstrate "by clear and convincing evidence that such person has the moral qualifications, competency and learning in law required for admission to practice law . . .". The suspended attorney must show further that "the resumption of the

practice of law within the commonwealth by such person will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest." Rule 281(c)(3)(i), Pa.R.D.E.

The disciplinary board concurs with the findings of the hearing committee that petitioner has the moral qualifications necessary to practice law and that his resumption of practice would be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest. As the hearing committee indicated, petitioner's criminal conduct was not his normal pattern of behavior but was a complicated response to stress factors operating in his life. Petitioner has come to accept the fact that he engaged in criminal behavior. He has learned that he must seek professional assistance, should he be faced with stress factors in the future, so that he will not once again be influenced to engage in misconduct.

The fact that petitioner has regained a good reputation in the community over the past five years since his criminal problems indicates that petitioner's reinstatement would not be detrimental to the integrity and standing of the bar. Petitioner's acts of community service also weigh in his favor and indicate petitioner's willingness to act in the public interest.

In the past petitioner's employment situation allowed him to provide pro bono legal services and to represent individuals who otherwise would not have received legal representation. If reinstated, petitioner would undoubtedly continue to provide such services in the public interest.

Turning to the issue of competency and learning in the law, it is apparent from the transcript of the hearing and the hearing committee report that the

hearing committee entertained some reservations as to petitioner's competency and learning in the law. Nevertheless, the hearing committee found that petitioner met the burden of proving by clear and convincing evidence that he had the requisite competency and learning in the law to be admitted to the bar of this commonwealth. During the hearing on this matter, petitioner assured the hearing committee that he would take the Pennsylvania Basic Practice Court upon being reinstated. The hearing committee relied upon petitioner's promise to take the practice course as a factor in favor of recommending petitioner's reinstatement. The hearing committee, however, did not condition petitioner's reinstatement on the completion of the practice course. The board, on the other hand, is of the opinion that petitioner should be held to the commitment he made before the hearing committee.

## RECOMMENDATION

For the foregoing reasons the disciplinary board of the Supreme Court recommends that petitioner, [ ], be reinstated subject to the condition that he submit to the Secretary of the Board within six months of his reinstatement a certificate that he has completed the basic practice course that he promised to complete. The board recommends further that pursuant to rule 218(e), Pa. R.D.E., the court direct petitioner to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Messrs. Schwartzman and McGinley dissent.

Messrs. Curran, Padova, Tumolo. and Ms. Heh did not participate in the adjudication.

## ORDER

And now, June 7, 1988, upon consideration of the report and recommendations of the disciplinary

board dated April 28, 1988, the petition for reinstatement is granted, subject to the condition that petitioner submit to the secretary of the board within six months of his reinstatement a certificate that he has completed the basic practice course that he promised to complete.

Pursuant to rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.